UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-00860-JMS-MJD |
| ) | |
| STANLEY SAARI Defaulted 12/16/2014, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT**

This matter comes before the Count on Plaintiff's Amended Motion for Entry of Default Judgment Against Defendant Stanley Saari. [Dkt. 32.] For the reasons that follow, the Magistrate Judge recommends that the Court **GRANT** Plaintiff's motion to the extent described below.

## I.     Background

Malibu Media, LLC, ("Plaintiff") filed a complaint against unknown defendants on May 28, 2014, alleging that these defendants had used a peer-to-peer file transferring service to infringe Plaintiff's copyrighted motion pictures. [Dkt. 1.] On August 20, 2014, Plaintiff amended its complaint to name Stanley Saari ("Defendant") as the sole infringer. [Dkt. 15.] Plaintiff specifically alleged that Defendant had infringed thirteen of Plaintiff's movies. [*See* Dkt. 15-2.]

On October 7, 2014, Plaintiff served Defendant with a summons and a copy of Plaintiff's Amended Complaint. [Dkt. 21.] Defendant failed to plead or otherwise defend against Plaintiff's suit, and on November 17, 2014, Plaintiff moved for a clerk's entry of default against Defendant. [Dkt. 22.] The entry followed on December 16, 2014, [Dkt. 23], and Plaintiff has now moved for a default judgment against Defendant. [Dkt. 32.]

## II. Standard

Once a clerk enters default against a defendant, "the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). The plaintiff must therefore "still . . . establish his entitlement to the relief he seeks," and a court assessing a motion for default judgment must "conduct an inquiry" to determine with "reasonable certainty" whether a plaintiff is entitled to the damages and/or other relief the plaintiff seeks. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (citation and quotation marks omitted).

## III. Discussion

When the clerk in this case entered default against Defendant, [*see* Dkt. 23], Defendant admitted the well-pleaded allegations in Plaintiff's Amended Complaint. That complaint alleged 1) ownership of 13 valid copyrights [Dkt. 15 ¶¶ 3, 31; *see also* Dkt. 15-2]; and 2) direct infringement of those copyrights via Defendant's use of the BitTorrent peer-to-peer file sharing network. [Dkt. 15 ¶¶ 10-27.] These allegations establish a plausible claim for copyright infringement. *See, e.g.*, *Malibu Media, LLC v. Cowham*, No. 3:13-CV-00162-PPS, 2014 WL 2453027, at *2 (N.D. Ind. June 2, 2014) ("[T]he facts as stated in the complaint establish direct copyright infringement by the Defendant."); *accord, e.g.*, *Malibu Media, LLC v. Funderburg*, No. 1:13-CV-02614, 2015 WL 1887754, at *2 (N.D. Ill. Apr. 24, 2015) ("The Court therefore finds a plausible claim of direct copyright infringement."). As such, the only remaining issue is whether Plaintiff can establish with "reasonable certainty" that it is entitled to the relief it seeks.

### A. Damages

A copyright owner may elect to pursue actual or statutory damages. 17 U.S.C. § 504(c)(1). Statutory damages are assessed on a per work basis. *Id.* For each work infringed, the

Court may award damages "in a sum of not less than $750 or more than $30,000 as the court considers just." *Id.*

Plaintiff in this case has elected to pursue only the minimum available statutory damages. [Dkt. 33 at 9 ("Plaintiff only seeks an award of $9,750.00 in statutory damages ($750.00 per work).").] The Magistrate Judge considers this amount "just." 17 U.S.C. § 504(c)(1). Plaintiff is entitled to this amount as a matter of law, *see id.*, and Defendant can hardly protest Plaintiff's decision to pursue the smallest possible amount of damages. In addition, the Court has no discretion to award a lesser amount. *See, e.g.*, *Universal Statuary Corp. v. Gaines*, 310 F.2d 647, 648 (5th Cir. 1962) ("[T]he discretion of the trial court in assessing such damages as appear just is limited by the statutory minimum . . . and maximum[.]"); *accord, e.g.*, *Yash Raj Films (USA) Inc. v. SUR Sangeet Video Electronics Inc.*, No. 06-3968SRC, 2008 WL 544700, at *4 (D.N.J. Feb. 28, 2008) ("Under the Copyright Act . . . the Court is bound by certain statutory minimum and maximum limits[.]").[1] The Magistrate Judge can therefore say with at least "reasonable certainty," *In re Catt*, 368 F.3d at 793, that Plaintiff is entitled to an award of $9,750.00.

### B. Injunctive Relief

Plaintiff next seeks injunctive relief under 17 U.S.C. §§ 502 and 503. Section 502 allows the Court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Section 503 allows the Court to order the "destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights[.]" *Id.* §

---

[1] A limited exception to this rule exists in cases "where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of [the plaintiff's] copyright[.]" 17 U.S.C. § 504(c)(2). The court in such cases may, "in its discretion," "reduce the award of statutory damages to a sum of not less than $200." *Id.* As noted above, however, Defendant did not plead or otherwise defend this action, and Defendant thus failed to carry his burden to prove that he had no basis for believing that his acts constituted infringement. This exception is therefore inapplicable, and the Court cannot exercise its discretion to award an amount below the statutory minimum of $750 per work infringed.

503(b). Plaintiff in this case asks the Court to enjoin Defendant from continuing to infringe Plaintiff's works and order Defendant to permanently delete copies of Plaintiff's works that are currently in Defendant's possession, custody, or control. [Dkt. 33 at 10.]

To establish its right to permanent injunctive relief, Plaintiff must show 1) that it has succeeded on the merits of its cause of action; 2) that it will suffer irreparable harm in the absence of the injunction; 3) that the benefits of granting the injunction outweigh any resulting injury to the defendant; and 4) that the public interest will not be harmed by the relief requested. *Collins v. Hamilton*, 349 F.3d 371, 374 (7th Cir. 2003). Plaintiff in this case has already succeeded by virtue of Defendant's default, and Plaintiff has explained that, in the absence of injunctive relief, Defendant will be able to facilitate other parties' infringement of Plaintiff's work by continuing to participate in peer-to-peer file sharing. [Dkt. 33 at 11.] The first and second factors in the injunction analysis thus favor the grant of Plaintiff's requested relief. *See, e.g.*, *Funderburg*, 2015 WL 1887754, at *4.

The remaining factors also favor Plaintiff's relief: First, the proposed injunction will impair only Defendant's ability to illegally infringe Plaintiff's work, and Defendant will accordingly suffer little harm as a result of the injunction. *See, e.g.*, *White v. Marshall*, 771 F. Supp. 2d 952, 959 (E.D. Wis. 2011) ("[I]t is not a burden on defendants to follow the law and stop their unauthorized use of the plaintiffs' [works.]"). Second, the public interest will not be harmed by imposition of the injunction; to the contrary, "the public interest [will be] advanced by enforcing compliance with the copyright laws." *Id.* All four factors described above thus favor Plaintiff's proposed relief, and the Magistrate Judge therefore recommends that the Court enter Plaintiff's requested injunction.

### C. Costs and Fees

Plaintiff finally seeks an award of costs and fees. [Dkt. 33 at 13.] The Court may award such relief under § 505 of the Copyright Act, which provides as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Plaintiff in this case is the prevailing party by virtue of Defendant's default, *see, e.g.*, *Funderburg*, 2015 WL 1887754, at *4, and Plaintiff has requested an award of 1) $475.00 in costs, which amount accounts for Plaintiff's $400.00 filing fee and $75.00 service of process fee; and 2) $1,182.00 in attorney's fees, which amount accounts for the work outlined in the declaration executed by Plaintiff's counsel. [Dkt. 33-4.]

Plaintiff's request for costs and fees before the Court has entered a final judgment against Defendant is somewhat atypical. *See, e.g.*, *Mirocha v. Metro. Life Ins. Co.*, 56 F. Supp. 3d 925, 937 (N.D. Ill. 2014) ("The appropriate time to request attorney's fees is after a final judgment is entered."); *see also* S.D. Ind. L.R. 54-1 (emphasis added) ("A party cannot recover attorney's fees and costs unless the party files and serves a bill of costs and a motion for fees within 14 days **after** final judgment is entered."). However, there appears to be no rule expressly barring such a pre-judgment request. *See, e.g.*, *Evert Fresh Corp. v. Pactiv Corp.*, No. 4:09-CV-1936, 2011 WL 2672353, at *1 (S.D. Tex. July 7, 2011) (emphasis original) ("Both Federal Rule of Civil Procedure 54 and Local Rule 54.2 set 14 days after the entry of a final judgment as the *deadline* for requesting costs. [Plaintiff] has not pointed the Court to any authority to support its position that a prevailing party must wait until a final judgment is entered before filing an application for costs."); *Knowledgeaz, Inc. v. Jim Walters Res., Inc.*, No. 1:05-CV-1019-RLY-JMS, 2009 WL 425961, at *5 (S.D. Ind. Feb. 19, 2009) (acknowledging that "neither Fed. R. Civ. P. 54 nor

5

Local Rule 54.1 specifically state that a final judgment must be entered before a prevailing party may seek costs or attorney fees").

Further, the costs and fees involved in this case are nominal, and Plaintiff has already submitted the information necessary to rule on its request. It would therefore be inefficient to require Plaintiff to submit an additional bill of costs or an additional fee petition, and the Court thus finds it appropriate to assess Plaintiff's request at this time. *Accord, e.g.*, *Malibu Media, LLC v. Cowham*, No. 3:13-CV-00162-PPS, 2014 WL 2453027, at *4 (N.D. Ind. June 2, 2014) (simultaneously granting default judgment and awarding "[a]ttorneys' fees pursuant to Section 505 of the Copyright Act"); *Malibu Media, LLC v. Brenneman*, No. 3:13-CV-00332-PPS, 2013 WL 6560387, at *4 (N.D. Ind. Dec. 13, 2013) (same).

Here, Plaintiff's requested costs and fees are "reasonable," 17 U.S.C. § 505, except for two entries in Plaintiff's fee petition: the first describes 1.0 hour of "miscellaneous" "[c]ase management" that Plaintiff's counsel performed at some unspecified time between May 27, 2014 and April 27, 2015; the second describes 2.1 hours of "miscellaneous" "[c]ase tracking and management" that Plaintiff's paralegal performed at some unspecified time between May 27, 2014 and April 24, 2015. [Dkt. 33-4 at 2.] These vague entities are insufficient to entitle Plaintiff to its fees,[2] and the Magistrate Judge accordingly recommends that the Court reduce the amount of Plaintiff's fee award by the amount associated with these entries, for a total reduction in the Plaintiff's award of $478.50. *See, e.g.*, *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000) ("[W]hen a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts

---

[2] The Magistrate Judge also notes that it appears inefficient for Plaintiff's counsel to be engaged in "[c]ase management," especially when Plaintiff's own declaration indicates that Plaintiff's paralegal was already performing the majority of this task. [*See* Dkt. 33-4.]

6

to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage.").

Plaintiff's award of costs and fees should therefore be $1178.50.

### IV. Conclusion

For the reasons explained above, the Magistrate Judge recommends that the Court **GRANT** Plaintiff's Motion for Default Judgment, [Dkt. 32], except insofar as Plaintiff is not entitled to the previously-identified portion of its request for attorney's fees. Accordingly, the Magistrate Judge recommends that Plaintiff be awarded 1) $9750.00 in statutory damages; 2) injunctive relief as described above; and 3) fees and costs of $1178.50, resulting in a total monetary award of $10,928.50. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen (14) days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 08/05/2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Paul J. Nicoletti
NICOLETTI LAW, PLC
paul@nicoletti-associates.com